# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MELANIE ARNDT,**
   **Plaintiff,**

  v.             Case No. 11-CV-00546

**UNITED STATES OF AMERICA,**
   **Defendant.**

## DECISION AND ORDER

  The Internal Revenue Service ("IRS") assessed penalties against Melanie Arndt on the ground that, pursuant to 26 U.S.C. § 6672, she was a person responsible for the nonpayment of federal employment taxes by a Wisconsin painting contractor, Pro Touch Professional Finishes, Inc. ("Pro Touch"), for tax periods in 2006 and 2007. Arndt paid a portion of the penalties and then brought this action seeking a refund. The IRS counterclaimed seeking the balance of the penalties. Both parties now move for summary judgment.

  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering cross-motions for summary judgment, I construe the evidence in the light most favorable to the party against whom the motion under consideration is made. *Samuelson v. LaPorte Cmty. Sch. Corp.*, 526 F.3d 1046, 1051 (7th Cir. 2008). I may grant summary judgment only if no reasonable juror could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The question presented is whether Arndt is personally liable for Pro Touch's unpaid employment taxes. This depends

on 1) whether she was a "responsible person," meaning that she was responsible for collecting, accounting for, or paying the taxes, and 2) whether she "willfully" failed to collect or pay the taxes over to the IRS. *Jefferson v. U.S.*, 546 F.3d 477, 480 (7th Cir. 2008). Arndt bears the burden of proof on both of these issues. *U.S. v. Running*, 7 F.3d 1293, 1297 (7th Cir. 1993).

A responsible person is one who has "the power to control the decision-making process by which the employer corporation allocates funds to other creditors in preference to its withholding tax obligations." *Bowlen v. U.S.*, 956 F.2d 723, 728 (7th Cir. 1992). She need not have exclusive control over the disbursal of funds or the final say as there can be more than one responsible person within a company. *Id.* She need only have significant control, meaning the ability to "'imped[e] the flow of business to the extent necessary to prevent the corporation from squandering the taxes it withheld from its employees.'" *U.S. v. Kim*, 111 F.3d 1351, 1362 (7th Cir. 1997) (quoting *Thomas v. U.S.*, 41 F.3d 1109, 1113 (7th Cir. 1994)). Indicia of responsibility include: "holding corporate office, owning stock in the company, serving on the board of directors, possessing the authority to sign checks, and control over corporate financial affairs." *Id.* at 1362–63. "A responsible person willfully fails to remit withheld taxes to the government if [she] pays other creditors after [she] knows of the employer's failure to pay the withheld funds to the government," or "recklessly disregards" a known risk that the taxes will not be paid to the government. *Thomas*, 41 F.3d at 1114. "Reckless disregard" is established if a person: "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3)

2

[she] was in a position to find out for certain very easily." *Wright v. U.S.*, 809 F.2d 425, 427 (7th Cir. 1987).

Arndt's brother-in-law, Jason Acevedo, owned Pro Touch, and in 2004 Arndt became the company's office manager. She answered phones, opened mail, typed and proofread estimates for jobs, and organized the company's files. She also helped Acevedo process payroll. Each pay period, all of the company's painters and other staff members submitted time sheets to Acevedo. Once he had reviewed and approved them, plaintiff entered the hours worked into QuickBooks, an accounting software program. She then used the program to generate payroll checks that either she or Acevedo signed. Plaintiff could sign these checks because Acevedo gave her full check signing authority on both of Pro Touch's bank accounts. Plaintiff also used QuickBooks to generate reports showing the company's outstanding bills. She gave these reports to Acevedo who told her which bills to pay. Plaintiff used QuickBooks to generate the checks for those bills and either she or Acevedo signed them.

In addition to these duties, plaintiff helped Acevedo prepare and file Pro Touch's federal employment tax returns. Employment taxes are taxes that the Internal Revenue Code requires an employer to withhold from its employees' paychecks for income and social security taxes. *See Slodov v. U.S.*, 436 U.S. 238, 242–45 (1978). Each quarter, an employer has to pay the withheld taxes over to the Internal Revenue Service ("IRS") and file a tax return reporting the total amount withheld and the amount paid to the IRS. Plaintiff used QuickBooks to complete Pro Touch's employment tax returns. She gave the returns to Acevedo to review, and, once he had approved them, she signed and filed them. At her

3

deposition, plaintiff said that she signed tax returns and checks merely as a convenience to Acevedo because he was frequently out of the office at job sites and that she did not help him make financial decisions. Acevedo agreed that this was the case and testified that he maintained full control over the day-to-day operations of the company.

Around 2005, Pro Touch began to have cash flow problems because several of its customers declared bankruptcy and were unable to pay their bills. Plaintiff's father, Terry Schmitz, loaned the company $300,000, and her stepfather, Bill Bahrke, loaned the company $60,000, but Pro Touch still had trouble paying its creditors. It became impossible for plaintiff to balance the company's checkbook, and, in July 2006, she noticed that the employment tax return for the previous quarter showed that Pro Touch had failed to pay its taxes. The tax returns that she submitted for the third and fourth quarters of 2006 and the first quarter of 2007 showed similar deficiencies. Plaintiff asked Acevedo about these tax debts and he reassured her that he was taking care of the taxes. In August 2007, the company shut down. After the shut down, the IRS assessed a tax penalty against both Acevedo and plaintiff for the 2006 and 2007 unpaid taxes.

The evidence strongly suggests that Arndt was a responsible person. She had full check-signing authority, paid many of Pro Touch's bills, and filled out and signed the company's employment tax returns. These duties are usually performed by someone with the authority to decide which creditors will be paid. However, this is not always the case. *See Jefferson*, 546 F.3d at 480–481 (finding taxpayer responsible because his involvement in the company's financial affairs was "significant" and "included more than simply writing checks"); *see also Godfrey v. U.S.*, 748 F.2d 1568, 1575 (Fed. Cir. 1984) ("The mechanical

4

duties of signing checks and preparing tax returns are . . . not determinative of liability under § 6672."). Here, plaintiff maintains that her duties were purely ministerial and relies on her own testimony and that of Acevedo that she only wrote checks or signed legal forms at his direction and that he retained full control over Pro Touch's day-to-day operations. It is not proper for me to make credibility determinations on a summary judgment motion, and I cannot definitely say that a reasonable jury would reject this testimony. Thus, a jury must decide whether plaintiff was a responsible person.

The IRS also presents considerable evidence that Arndt acted willfully. She knew Pro Touch was having financial problems, and, as early as July 2006, she knew it was behind on its employment taxes because the employment tax return she prepared that month showed a deficiency. Despite this knowledge, she continued signing checks for creditors other than the United States. Plaintiff, however, claims that she did not know the taxes were not being paid because Acevedo told her he was taking care of them and Acevedo supports this assertion. Therefore, I will also allow the jury to decide this question.

**THEREFORE, IT IS ORDERED** that both parties' motions for summary judgment (Docket #13, 17) are **DENIED**.

**IT IS FURTHER ORDERED** that a telephone status conference for the purpose of setting a trial date is scheduled for August 5, 2013 at 1:30 p.m. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 22nd day of July 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

5